# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | | |
|---|---|---|
| **CARLOS SIMON-TIMMERMAN** | * | **CIVIL NO.** |
| | * | |
| **Plaintiff** | * | |
| V. | * | |
| | * | **FEDERAL TORT CLAIMS ACT** |
| **UNITED STATES OF AMERICA;** | * | |
| **JOHN DOE; JANE DOE; COMPANIES A, B** | * | |
| **and C** | * | |
| | * | |
| **Defendants** | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## COMPLAINT

**TO THE HONORABLE COURT:**

**COMES NOW**, plaintiff through the undersigned attorney and most respectfully **STATES** and **PRAYS** as follows:

### I. JURISDICTION

This Honorable Court has jurisdiction over the parties and the subject matter of this litigation pursuant to 28 U.S.C. § 1331 and under the Federal Torts Claim Act 28 U.S.C.§ 2671, et seq.

Venue is proper in this judicial district pursuant to 28 U.S.C. §1391(a) since the claims alleged arose in this judicial district.

### II. NATURE OF THE ACTION

This is a civil action to recover from damages suffered by plaintiff Carlos Simon-Timmerman due to the negligent acts and deficient investigation of U.S. Immigration and Customs Enforcement.

-2-

**III.    PARTIES**

1. Plaintiff **CARLOS SIMON -TIMMERMAN** is a  citizen and resident of 665 New York Avenue, Apt #2-C, Brooklyn, New York 11203.

2. Defendant **UNITED STATES OF AMERICA** was the employer of Alek Pacheco, Special Agent with the United States Immigration and Customs Enforcement, on August 11, 2009, and others.

3. Co-Defendants **JOHN DOE** and **JANE DOE** are unknown natural persons, who are responsible for any damages caused to plaintiff.  Once their true names are known, they will substituted.

4. **COMPANIES A, B and C**, which, represent any entities jointly responsible for the damages caused to plaintiff.  Once their true names are known, they will be substituted.

**IV.    FACTS**

5. On August 11, 2009 plaintiff Carlos Simon-Timmerman was negligently arrested by U.S. Immigration and Customs Enforcement ("ICE") agents at the Muñoz Rivera Airport in San Juan, Puerto Rico and negligently prosecuted by the United States Attorneys' Office for the District of Puerto Rico.

6. Plaintiff Simon-Timmerman was traveling from Venezuela to Puerto Rico and upon his arrival at the Luis Muñoz Marín Airport he presented himself for admission to the United States.  He was arrested by customs officers for possession of a DVD's depicting alleged female minors engaged in sexually explicit conduct.

7.   Without conducting a proper investigation, the customs federal agents took plaintiff Simon-Timermman to a detention facility, presented the case for prosecution, pursued and participated actively in a federal criminal case against the defendant, and persisted in their attempt to convict him, despite lacking evidence that there were minor females involved in the films.

8.   After 8 months since plaintiff Timermman's arrest pursuant to an affidavit subscribed by an ICE agent, Alek Pacheco, an arrest warrant was issued.

9.   The U.S. persisted in a jury trial despite its lack of evidence and adequate investigation and the plaintiff's defense produced the adult pornographic star who appeared on the seized video.

10.   In light of the exculpatory evidence produced by the defense and in the middle of a jury trial, the government filed a motion for dismissal pursuant to Rule 48(b) of the Federal Rule of Civil Procedure and the Court granted said motion and entered a Judgment of Discharge on April 7, 2010.

11.   As part of the investigation, ICE agents never interviewed the female nor contacted her to verify her age and identity. Instead, the U.S. relied on the guesswork of a retained "expert" who provided an opinion of the female's age.

12.   Plaintiff Simon-Timmerman suffered irreparable damages to his reputation, was placed in confinement at the Metropolitan Dentention Center for two months, had to undergo the stress of a federal process and endured a federal jury trial which caused him serious mental

anguishes.

13.  All the damages suffered by plaintiff Carlos A. Simon-Timmerman were caused by the negligent actions of the federal government employees involved in this case during the scope of their employment.

## V.  NEGLIGENCE

14.  Defendants in this case are liable for the damages suffered by plaintiff Simon Timmerman due to the deficiency in the investigation performed by agents of the U.S. Immigration and Custom Enforcement.

## VI.  DAMAGES

15.  As a direct result of all the defendants negligence and investigative deficiency, plaintiff Simon Timmerman suffered the following damages:

   a.  Irreparable damages to his reputation;

   b.  Lost his freedom for two months;

   c.  Had to undergo the stress of a federal process and endured a federal jury trial which caused him serious mental anguishes;

   d.  Loss of income.

16.  Plantiff Simon-Timmerman's damages are estimated in the amount of two million dollars ($2,000,000.00).

## VI.  PRAYER FOR RELIEF

**WHEREFORE**, it is respectfully requested that Judgment be entered by this Honorable

Court in favor of the plaintiff and jointly against the defendants:

    A.    Granting the plaintiff all the sums requested in the complaint, for a total of ***two million dollars*** **($2,000,000.00)**;

    B.    Imposing upon the defendants the payment of all costs and expenses to be incurred in this lawsuit;

    C.    Granting the plaintiff any other relief that they may be entitled to as a matter of law; and,

**RESPECTFULLY SUBMITTED**

In San Juan, Puerto Rico, today, August 18, 2011.

*S/LUIS RAFAEL RIVERA*
*LUIS RAFAEL RIVERA*
*USDC-PR 129411*
**LUIS RAFAEL RIVERA LAW OFFICE**
CAPITAL CENTER BLDG.
SUITE 401
239 ARTERIAL HOSTOS AVENUE
HATO REY, PUERTO RICO 00918
PHONE: 787-763-1780
FAX: 787-763-2145
E-MAIL: lrriver@prtc.net

**S/MICHELLE ANNET RAMOS JIMENEZ**
**MICHELLE ANNET RAMOS JIMENEZ**
**USDC-PR 225303**
**LUIS RAFAEL RIVERA LAW OFFICE**